**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

v.                                            CRIMINAL ACTION NO. 2:26-cr-00011

WILMAR ARIOSTO PABLOS-MIGUEL

**ORDER**

Pending before the court is the Defendant's Motion to Suppress Statements and Dismiss Indictment, [ECF No. 34], and the Government's Motion to Permit Witness to Appear Remotely for the Suppression Hearing, [ECF No. 36]. For the reasons that follow, the motions hearing (and related trial dates) will be **CONTINUED**.

Defendant's Motion to Suppress Statements and Dismiss the Indictment alleges significant Fourth Amendment, Fifth Amendment, Federal Rule of Criminal Procedure, and due process violations. [ECF No. 34, at 2–13]. The Defendant's arguments, at least in part, rely on recent holdings from this court concerning the manner in which Immigration Customs and Enforcement officers execute arrests and detentions. *Id.* at 1–2, 13. And Defendant's motion does not arise in isolation, in three other related cases defendants have filed similar motions, challenging the same or similar conduct under the same constitutional protections.[1]

---

[1] Four cases total raise significant constitutional issues. *United States v. Pablos-Miguel*, No. 2:26-cr-00011, [ECF No. 34] (S.D. W. Va. Mar. 4, 2026); *United States v. Dominguez*, No. 2:26-cr-00013, [ECF No. 22] (S.D. W. Va. Feb. 24, 2026); *United States v. Hernandez*, No. 2:26-cr-00015, [ECF No. 22] (S.D. W. Va. Feb. 24, 2026); *United States v. Morales-Mejia*, No. 2:26-cr-00016, [ECF No. 35] (S.D. W. Va. Mar. 4, 2026).

Accordingly, the court requires time to consider the Defendant's motion, and the pretrial motions hearing shall be continued.[2]

The trial, previously scheduled for March 24, 2026, is **CONTINUED** to **June 2, 2026, at 8:30 a.m., in Charleston, WV**.   The parties shall submit their respective witness lists and any proposed voir dire and jury instructions no later than **May 26, 2026.**

The pretrial motions hearing, previously scheduled for March 10, 2026, is **CONTINUED** to **May 18, 2026 at 10:00 a.m, in Charleston, WV**.

The court **FINDS** that the time between March 24, 2026, and June 2, 2026, is excludable from the computation of time within which trial must commence, pursuant to 18 U.S.C. § 3161(h)(1)(D) (The enumerate excludable periods include "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.").

Additionally, the Government's Motion to Permit Witness to Appear Remotely, [ECF No. 36], is **DENIED**. The court has a strong preference for in-person testimony and appearance in every case. The continuance will give the Government more than sufficient time to procure in-person testimony.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

Enter:　　　　March 5, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

2 The Speedy Trial Act generally "requires that a criminal defendant's trial 'commence within seventy days from the filing date ... of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.'" *United States v. Pair*, 84 F.4th 577, 582 (4th Cir. 2023) (quoting 18 U.S.C. § 3161(c)(1)). But the Act recognizes "that criminal cases vary widely and that there are valid reasons for greater delay in particular cases. To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 498 (2006).